# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
8/1/2017 8:49 AM
Steven D. Grierson
CLERK OF THE COURT

COMP
BRADLEY S. MAINOR, ESQ.
Nevada Bar No. 7434
JOSEPH J. WIRTH, ESQ.
Nevada Bar No. 10280
**MAINOR WIRTH, LLP**
6018 S. Fort Apache Road, Ste. 150
Las Vegas, NV 89148-5652
Tel: (702) 464-5000
Fax: (702) 463-4440
brad@mwinjury.com
joe@mwinjury.com
*Counsel for Plaintiff*

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| LUZ T. MACIAS, Individually,<br><br>Plaintiff,<br><br>vs.<br><br>BODEGA LATINA CORPORATION d/b/a EL SUPER, a Foreign Corporation; DOES I through XX, inclusive; and ROE CORPORATIONS I through XX, inclusive,<br><br>Defendants. | CASE NO.: A-17-759247-C<br>DEPT. NO.:<br><br>Department 30<br><br>COMPLAINT |

Plaintiff, LUZ T. MACIAS, by and through her counsel of record, BRADLEY S. MAINOR, ESQ. and JOSEPH J. WIRTH, ESQ., of MAINOR WIRTH, LLP, hereby complains and alleges against Defendant BODEGA LATINA CORPORATION d/b/a EL SUPER as follows:

I.

**PARTIES AND JURISDICTION**

1. At all times relevant herein, Plaintiff LUZ T. MACIAS (hereinafter "Plaintiff") is and was a resident of the County of Clark, State of Nevada.

. . .

2. Based upon information and belief, Defendant BODEGA LATINA CORPORATION (hereinafter "Defendant") is and was a Foreign Corporation, authorized to and doing business in the County of Clark, State of Nevada as EL SUPER.

3. That the true names and capacities, whether individual, corporate, associates, co-partnership, or otherwise of Defendants, DOES I – XX and/or ROE CORPORATIONS I – XX, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOES I – XX and/or ROE CORPORATIONS I – XX are responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiff as herein alleged. The legal responsibility of said Defendants, DOES I – XX and/or ROE CORPORATIONS I – XX, arises out of, but is not limited to, their status as owners and/or lessors and/or lessees and/or their maintenance and/or entrustment of and control of the premises at the time of the subject slip-and-fall incident and/or their agency, master/servant or joint venture relationship with Defendants and/or each of them. Plaintiff will ask leave of this Honorable Court to amend this Complaint to insert the true names and capacities of said Defendants, when the same have been ascertained, to join such Defendants in this action together with the proper charging allegations.

4. All the facts and circumstances that give rise to the instant lawsuit occurred within the County of Clark, State of Nevada.

## II.

## STATEMENT OF FACTS

5. On or about July 2, 2016, at approximately 3:00 p.m., Plaintiff was a business invitee and/or guess at the premises commonly known as El Super, located at 1255 S. Lamb Boulevard, Las Vegas, Nevada 89104.

6. That on said date and time, Defendant owned and/or controlled the business commonly known as El Super at said address (hereinafter "the Premises").

. . .

7. That on said date and time, while grocery shopping on said Premises and while exercising due care and caution for her own safety, Plaintiff slipped and fell as a result a slippery substance on the floor.

8. That the slippery substance on the floor was a dangerous and unsafe condition which presented an unreasonable risk of harm to Plaintiff.

9. As a result of said slip and fall, Plaintiff sustained substantial bodily injuries and emotional stress.

### III.

### FIRST CAUSE OF ACTION
*(Negligence)*

10. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 9 above as if fully set forth herein.

11. At said time and place, Defendant and its staff, employees, representatives and/or agents owed a duty to Plaintiff to maintain its premises.

12. In complete disregard of its duty, Defendants maintained its premises in an extremely reckless, negligent and careless manner, so as to create a condition that resulted in serious injury to Plaintiff's person.

13. Plaintiff is informed and believes that at all times material herein, Defendant was exclusively in control of the premises which caused harm to Plaintiff.

14. The incident which is the subject of this litigation, and the injuries resulting therefrom, are those that do not ordinarily occur in the absence of negligence.

15. As a direct and proximate result of the negligence of Defendant, Plaintiff was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to her general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

. . .

. . .

16. As a further and direct and proximate result of the negligence of Defendant, Plaintiff incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment.

17. Plaintiff has been required to retain the services of MAINOR WIRTH, LLP to prosecute this action and is entitled to reasonable attorneys' fees and costs incurred herein.

IV.

## SECOND CAUSE OF ACTION
*(Premises Liability)*

18. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 17 above as if fully set forth herein.

19. That on or about July 2, 2016, it was the duty of Defendant to use reasonable due care and diligence to keep and maintain the floor of the Premises in a condition reasonably safe for its intended uses and free from all defects and conditions which would render it dangerous and unsafe for Plaintiff or present an unreasonable risk of harm to her during her lawful use of the Premises.

20. That it was the duty of Defendant to exercise reasonable care to protect Plaintiff by inspection and other affirmative acts from the danger of reasonably foreseeable injury occurring from her lawful use of the Premises.

21. That is was the duty of Defendant to have available sufficient personnel and equipment to properly inspect and maintain the floor so as to keep it in a condition reasonably safe for Plaintiff and free from defects and other conditions rendering it unsafe.

22. That is was the duty of Defendant to warn Plaintiff of the dangerous and unsafe condition then existing upon the Premises.

23. Defendant negligently failed to control, supervise, repair, clean, adequately light and maintain the Premises and further failed to warn Plaintiff of hazards which resulted in her injury.

. . .

. . .

24. Defendant breached its duty to maintain the premises in a safe condition and manner, rendering the premises to be a hazard and dangerous for usage by persons lawfully on the subject premises.

25. That the resulting injuries to Plaintiff were caused by the negligence and carelessness of Defendant, who failed to utilize reasonable care in the inspection and/or maintenance of the subject Premises, and the aforesaid acts of negligence were the proximate cause of the injuries sustained by Plaintiff.

26. As a direct and proximate result of the negligence of Defendant, Plaintiff was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to her general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

27. As a further and direct and proximate result of the negligence of Defendant, Plaintiff incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment.

28. Plaintiff has been required to retain the services of MAINOR WIRTH, LLP to prosecute this action and is entitled to reasonable attorneys' fees and costs incurred herein.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. General and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);
2. Special damages in excess of Fifteen Thousand Dollars ($15,000.00);
3. Damages for costs of medical care and treatment and costs incidental thereto;
4. Damages for future costs of medical care and treatment and costs incident thereto;
5. Damages for lost earnings and wages in an amount to be proven at time trial;
6. Damages for future loss of earnings and wages in an amount to be proven at time of trial;

. . .

. . .

. . .

7. For reasonable attorney fees, costs of suit and interest incurred herein; and
8. For such other and relief as the Court deems just and proper.

DATED this 24th day of July, 2017.

MAINOR WIRTH, LLP

BRADLEY S. MAINOR, ESQ.
Nevada Bar No. 7434
JOSEPH J. WIRTH, ESQ.
Nevada Bar No. 10280
6018 S. Fort Apache Road, Ste. 150
Las Vegas, NV 89148-5652
*Counsel for Plaintiff*