# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LUZ T. MACIAS, | Case No.: 2:17-cv-02347-APG-PAL |
| Plaintiff | **Order Overruling Objections and Granting Motion for Summary Judgment** |
| v. | |
| BODEGA LATINA CORPORATION, | [ECF Nos. 25, 49] |
| Defendant | |

Plaintiff Luz Macias sues defendant Bodega Latina Corporation for negligence after she slipped and fell on some spilled sour cream in the defendant's grocery store. Bodega Latina moves for summary judgment, arguing that Macias cannot establish Bodega Latina breached a duty to Macias. Bodega Latina also contends Macias cannot establish her damages were caused by her fall.

After Bodega Latina moved for summary judgment, Macias moved to reopen discovery, but Magistrate Judge Leen denied her motion. Macias objects to Judge Leen's ruling. Macias responds to Bodega Latina's summary judgment motion by arguing that issues of fact remain as to whether Bodega Latina employees saw the spill and failed to clean it up. She also contends she can show causation because she had no injuries before she fell, she can be seen on the store surveillance video walking normally before the fall, and she can be seen limping afterwards.

I overrule Macias's objections because she has not shown Judge Leen's ruling was clearly erroneous or contrary to law. I grant Bodega Latina's motion because even viewing the evidence in the light most favorable to Macias, no reasonable jury could find Bodega Latina breached a duty to Macias.

/ / / /

# I. OBJECTIONS

Macias objects to Judge Leen's ruling denying her motion to reopen discovery. She argues that her ability to prove her case has been hampered by Bodega Latina's failure to comply with its discovery obligations to produce the names of the employees at the cheese and meet counters and other video surveillance and photos taken on the day of the incident. She also argues she participated in discovery, she was hampered by various factors in representing herself after her attorney withdrew, and Bodega Latina would not be prejudiced by reopening discovery on limited topics. Bodega Latina responds that Judge Leen's decision is not clearly erroneous or contrary to law because Macias conducted no discovery of her own, failed to timely respond to Bodega Latina's discovery requests, and waited until Bodega Latina moved for summary judgment to raise these issues.

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quotation omitted). I may not substitute my judgment for that of the Magistrate Judge. *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

////

Macias waited until after discovery closed and Bodega Latina moved for summary judgment to raise for the first time the issue of whether Bodega Latina failed to meet its discovery obligations. Macias could have moved to compel while discovery was still open, but did not. While I do not condone Bodega Latina's apparent failure to comply with its obligations to produce all available video surveillance and photos, Macias has not shown additional video or the photos the store manager took would alter the outcome. She assumes other store video would show the meat department had a sight line to the hazard on the floor. But she presents no evidence to support that theory. She could have inspected the store to establish sight lines even without the video, but she did not. The store manager's pictures of the scene after she fell would be cumulative of the video surveillance. And video and witnesses to the employee's sweep of the floor would be irrelevant because the sweep was conducted before the sour cream was spilled and the sour cream was on the floor only three minutes before Macias fell. Finally, while Macias describes employees at the meat counter as eye witnesses, there is no evidence that any employee at the meat or cheese counters saw or could have seen the sour cream spilled on the floor. Thus, it is not clear that Bodega Latina violated its discovery obligations by not identifying the employees as potential witnesses.

In addition to moving to compel, Macias could have moved for an extension of time while discovery was still open. Instead, she allowed discovery to close and waited until her opposition to Bodega Latina's summary judgment motion to raise the issues she presented in her motion to reopen discovery. Judge Leen's weighing of the various factors when considering whether to reopen discovery was not clearly erroneous or contrary to law. I therefore overrule Macias's objections.

/ / / /

## II. SUMMARY JUDGMENT

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Under Nevada law, "a business owes its patrons a duty to keep the premises in a reasonably safe condition for use." *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993). This includes a duty "to inspect the premises to discover dangerous conditions not known to [it] and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use." *Twardowski v. Westward Ho Motels, Inc.*, 476 P.2d 946, 947-48 (Nev. 1970) (quotation omitted). "Where a foreign substance on the floor causes a patron to slip and fall, and the business owner or one of its agents caused the substance to be on the floor, liability

4

will lie, as a foreign substance on the floor is usually not consistent with the standard of ordinary care." *Sprague*, 849 P.2d at 322. But where "the foreign substance is the result of the actions of persons other than the business or its employees, liability will lie only if the business had actual or constructive notice of the condition and failed to remedy it." *Id.* at 322-23. Whether the business had constructive notice of the hazardous condition is "a question of fact properly left for the jury." *Id.* at 323.

The evidence shows a customer's child dropped a container of sour cream that burst open and spilled sour cream on the floor. ECF Nos. 25-1 at 11; 26 (video of the incident). The customer's other child picked up the package, but no one cleaned up the spilled sour cream. ECF No. 26. Other customers walked around and through the spill. *Id.* The sour cream was on the floor for approximately three minutes before Macias slipped and fell on the sour cream. *Id.*

Because the evidence shows a customer created the hazard on the floor, Macias must raise a genuine dispute that Bodega Latina had actual or constructive notice of the spill and failed to clean it up. She has presented no evidence that a Bodega Latina employee saw the spill and failed to react. Although she points to a person on the video wearing an outfit similar to the grocery store employees' uniform, the logo on that person's shirt shows he was not an employee. ECF Nos. 26; 40-8.

She also presents no evidence that a Bodega Latina employee had a line of sight to the spill and could or should have noticed it. Bodega Latina presents expert testimony that the employee at the cheese counter would not have a line of sight over the counter to see the spill. ECF No. 25-4. And while it may have been possible for that employee to see through the glass display case, there is no evidence that looking through the glass would have allowed her to see

the spill, especially considering there were customers with their carts standing in front of the cheese counter.

Macias also suggests that employees at the meat counter had a line of sight to the spill. The only evidence she provides on that point is her own testimony that she could see the faces of the employees at the meat counter. ECF No. 32-1 at 3. But that does not mean those employees could see the sour cream because Macias's face was not on the floor near the spot where the hazard was located. ECF No. 26. She does not present evidence that there were no obstructions, including counters, display stands, other customers, or their carts, that may have obstructed those employees' view of the spill on the floor. Her speculation that these employees could see the spill is insufficient to raise a genuine dispute for trial. *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

Macias contends that the reason she cannot present evidence supporting her claim is because Bodega Latina failed to comply with its discovery obligations by not providing the camera angle from the meat counter and identifying the employees in that department who were working that day. But Macias never moved to compel this information, nor did she conduct her own inspection of the premises to establish sight lines, and so she is left to speculate what the video might show or what the employees might have seen. As for Bodega Latina's failure to provide the portion of the video that would show whether its employee conducted a sweep of the area as shown in the sweep logs, the sweep is irrelevant. Because the spill was on the floor only three minutes, and not during a time when the employee was conducting the sweep, whether the prior sweep was conducted would have no impact on the sour cream being on the floor.

In sum, there is no evidence that Bodega Latina caused the spill or had actual or constructive notice of it and failed to remedy it. A customer caused the spill, the spill was on the floor only three minutes, and there is no evidence any Bodega Latina employee saw or should have seen the spill and failed to clean it up. I therefore grant Bodega Latina's motion.

## III.  CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Luz Macias's objections **(ECF No. 49) are OVERRULED**.

IT IS FURTHER ORDERED that defendant Bodega Latina Corporation's motion for summary judgment **(ECF No. 25) is GRANTED**. The clerk of court is instructed to enter judgment in favor of defendant Bodega Latina Corporation and against plaintiff Luz T. Macias.

DATED this 30th day of March, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE